UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DON WILKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:20-CV-77 |
| | ) |
| RM AUCTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Don Wilkinson ("Wilkinson"), by counsel, brings this action against Defendant, RM Auctions, Inc., and shows as follows:

**OVERVIEW**

1. Defendant failed to pay Wilkinson in accordance with the overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA"), as well as the wage and hour requirements under Indiana state law.  Specifically, Defendants failed to: (1) pay Wilkinson for all hours he worked, including regular hours and overtime hours in excess of 40 per workweek; and (2) pay Wilkinson the applicable overtime wage for periods of time over the last two (2) years.  Moreover, Defendant failed to timely pay Wilkinson all wages he earned as required by the Indiana Wage Payment and/or Wage Claim Statutes.  Finally, Defendant breached its contract with Wilkinson and was unjustly enriched as a result of their failure to pay wages to Wilkinson.  Defendants also unlawfully garnished Wilkinson's wages.

## PARTIES

2.     Wilkinson is an individual who resides in Dekalb County, Indiana.  Defendant employed Wilkinson within the meaning of the FLSA within the two-year period preceding the filing of this complaint.  At all times hereinafter mentioned, Wilkinson was an employee as defined by 29 U.S.C. § 203(e)(1).

3.     Defendant is an Indiana domestic corporation located in Auburn, Indiana.  Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

4.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## JURISDICTION

5.     This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Wilkinson's Indiana state law claims pursuant to 28 U.S.C. §1367 as they arise from the same common nucleus of operative fact.

## VENUE

6.     Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §1391.

## FACTS

7.     Defendant hired Wilkinson in or about August 2016.

8.     Defendant has construed Wilkinson to be an independent contractor.  However, Wilkinson is an employee as he is economically dependent on Defendant.

9.     Defendant controlled the methods and means of Wilkinson's employment.  It provided the tools and supplies to do the various odd jobs required by Defendant, including

maintenance work, landscape maintenance, and janitorial services.  He is also asked to perform other duties associated with auctioning vehicles, including set up and break down of auction

10. On one occasion when Wilkinson got hurt at work, Defendant paid the hospital expense.  It never required Wilkinson to be bonded or insured for the work he performed on their behalf.  Defendant even drug tested Wilkinson as a result of his injury.

11. Defendant agreed to pay, and in fact paid, Wilkinson $18.00 per hour.

12.. Wilkinson would turn in time records, sometimes with a massive number of hours when auctions were taking place.  Defendant would reduce his hours and pay him for fewer hours than he actually worked.  Upon information and belief, Defendant never paid him $27 per hour for hours worked in excess of forty per week.

13. Defendant has unlawfully garnished Wilkinson's wages without following the proper requirements of Indiana law.

14. Wilkinson has been financially harmed as a result of Defendant's actions.

### COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15. Wilkinson hereby incorporates paragraphs one (1) through fourteen (14) of his complaint as if the same were stated herein.

16. During the relevant time period, Defendant failed to pay Wilkinson overtime wages in violation of 29 U.S.C. §§ 206 and 207.

17. Wilkinson has suffered harm as a result of Defendant's unlawful conduct.

18. Defendant's actions were intentional, willful, and in reckless disregard of Wilkinson's rights as protected by 29 U.S.C. §§201 *et. seq*. and 215(a)(3).

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

19. Wilkinson hereby incorporates paragraphs one (1) through eighteen (18) of his complaint as if the same were stated herein.

20. During the relevant time period, Defendant violated the provisions of Indiana Code §22-2-5 *et. seq.* by failing to pay Wilkinson for all of the hours he worked.

21. Wilkinson has suffered harm as a result of Defendant's unlawful conduct.

### COUNT III: BREACH OF CONTRACT

22. Wilkinson hereby incorporates paragraphs one (1) through twenty-one (21) of his complaint as if the same were stated herein.

23. Defendant breached its contract with Wilkinson by failing to pay him for all of the hours he worked.

24. Wilkinson has suffered injury as a result of Defendant's unlawful conduct.

### COUNT IV: UNJUST ENRICHMENT

25. Wilkinson hereby incorporates paragraphs one (1) through twenty-four (24) of his complaint as if the same were stated herein.

26. Defendant was unjustly enriched when it retained for itself wages owed to Wilkinson.

27. Wilkinson has suffered injury as a result of Defendant's unlawful conduct.

### COUNT IV: VIOLATIONS OF INDIANA'S WAGE GARNISHMENT LAWS

28. Wilkinson hereby incorporates paragraphs one (1) through twenty-seven (27) of his complaint as if the same were stated herein.

29. Defendant unlawfully withheld wages from Wilkinson's pay without his written consent in violation of Indiana law.

30. Wilkinson has suffered injury as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Wilkinson respectfully requests that the Court grant him the following relief:

a. Find Defendant in violation of the FLSA and order it to pay Wilkinson unpaid back wages and liquidated damages in an equal amount;

b. Alternatively, find Defendant to be in violation of Indiana Code §§22-2-5 *et. seq.* and order it/her to pay Wilkinson his unpaid back wages, plus mandatory statutory liquidated damages;

c. Find Defendant to have breached its contract with Wilkinson and order Defendant to pay Wilkinson all amounts due and owing;

d. Order Defendant to pay Wilkinson all required statutory penalties under Indiana law;

e. Order Defendant to pay Wilkinson's fees incurred as a result of bringing this action;

f. Order Defendant to pay Wilkinson's costs incurred as a result of bringing this action;

g. An Order awarding Wilkinson pre-judgment and post-judgment interest at the highest rates provided for by law; and

h. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500

Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff